O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOHN CHEN, ) | |
| ) | |
| Petitioner, ) | No. EDCV 15-1261-JGB (AJW) |
| ) | |
| vs. ) | |
| ) | MEMORANDUM AND ORDER |
| FEDERAL BUREAU OF PRISONS, ) | DISMISSING PETITION |
| ) | WITHOUT PREJUDICE |
| Respondent. ) | |
| _____) | |

On June 29, 2015, petitioner, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. According to the petition, petitioner's access to electronic messaging ("email") has been suspended in violation of Bureau of Prisons regulations. [Petition at 1-4]. As relief, petitioner requests an order directing prison authorities to restore his right to participate in the prison's email program. [Petition at 5]. For the following reasons, the petition is dismissed without prejudice.

Claims challenging the fact or duration of a prisoner's confinement should be presented in a habeas corpus petition, while claims challenging the conditions of confinement should be presented in a civil rights action. See Wilkinson v. Dotson, 544 U.S. 74, 78-82

(2005); Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Where a successful challenge to prison conditions will not necessarily shorten the prisoner's sentence, habeas corpus jurisdiction is absent, and a civil rights action, pursuant either to 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), is proper. See Nettles v. Grounds, ___ F.3d ___, 2015 WL 3406160, at *1, *7 (9th Cir. 2015) (habeas corpus jurisdiction exists only to consider claims for relief which, if successful, "will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody") (quoting Skinner v. Switzer, 562 U.S. 521, __, 131 S.Ct. 1289, 1299 n. 13 (2011)); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003) (a civil rights action is appropriate where an inmate challenges the conditions of confinement as opposed to the fact or length of his custody), cert. denied, 541 U.S. 1063 (2004).

Petitioner's complaint about prison officials' decision to restrict or suspend his access to the prison email system does not implicate the fact or duration of his confinement. A judgment in his favor would not undermine the validity of his conviction or otherwise accelerate his release from custody. At best, a favorable judgment would alter the conditions under which he is confined. Petitioner's claim challenging the conditions of his confinement is cognizable, if at all, as a civil rights claim under Bivens. Accordingly, the petition is dismissed without prejudice to petitioner's ability to

file a separate civil rights action if he chooses to do so.[1] See Greenhill v. Lappin, 376 Fed.Appx. 757, 757–758 (9th Cir. 2010)(claim of mishandling of mail should be brought as civil rights claim under Bivens, not habeas corpus); Garcia-Cortez v. Sanders, 2013 WL 2417973(C.D.Cal. May 31, 2013)(the loss of commissary, telephone, and visiting privileges implicates the conditions of confinement and is not cognizable in a § 2241 proceeding).[2]

**It is so ordered.**

Dated: July 14, 2015

_____
Jesus G. Bernal
United States District Judge

---

[1] Although a federal court has discretion to recharacterize a mislabeled habeas corpus petition as a civil rights action and to permit the action to proceed as such, ordinarily such a recharacterization is inappropriate. See Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir.)("[W]e think it worth reminding the district courts not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent....")(citations omitted), cert. denied, 132 S.Ct. 397 (2011). Conversion is especially inappropriate here because petitioner has not satisfied the filing fee requirements for filing a civil rights complaint. See 28 U.S.C. § 1915(a). Further, it appears that petitioner has not exhausted his administrative remedies, and it is not clear whether waiver of the exhaustion requirement is appropriate. See 42 U.S.C. § 1997e.

[2] The Clerk is directed to mail to petitioner a copy of the Court's Prisoner Civil Rights Packet which includes instructions for filing a civil rights complaint as well as copies of the appropriate forms, including the complaint and declaration to proceed without prepayment of filing fees.